ANA SÁNCHEZ, demandante y apelada, *v.* RAMÓN GONZÁLEZ, demandado y apelante.

Núm. 7888.—*Sometido:* Marzo 10, 1939. *Resuelto:* Julio 19, 1939.

*Francisco González Fagundo,* abogado del apelante; *R. A. Arroyo Ríos,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Por sentencia de la Corte de Distrito de Humacao, Ramón González, divorciado de Ana Sánchez, fué condenado a pagar a ésta para el sostenimiento de Ramón González Sánchez, hijo legítimo de las partes litigantes, la suma de siete dólares semanales.

En la demanda se aducía el divorcio con fecha 2 de octubre de 1936, en que la demandante fué declarada cónyuge inocente y "a cuyo cuidado quedó el hijo habido en el matrimonio." En el tercer párrafo de la demanda la demandante alegó que el demandado no le pasaba, ni para ella ni para su hijo, cantidad alguna para alimentos, ropa, alquiler de casa, médico y medicinas. En el quinto párrafo se alegaba que la situación económica de la demandante no le permitía atender a todas las necesidades del menor y estimaba que una cantidad de quince dólares semanales sería apropiada para atender a los gastos, y se solicitaba además las costas y honorarios de abogado.

En la contestación se expresaba que el demandado había suministrado alimentos a su hijo, en su propio domicilio, hasta unos días antes de la radicación de la demanda y que estaba dispuesto a continuar haciéndolo así si el hijo iba a casa del demandado a recibir los alimentos. En otro párrafo de la contestación el demandado repetía que estaba dispuesto a sostener al menor y luego, como aseveración final, suplicaba de la corte dictara sentencia declarando sin lugar la demanda en cuanto a la petición de alimentos por parte de la demandante y con lugar en cuanto a la petición de alimentos por parte del hijo, siempre que éste los recibiera en el domicilio del propio demandado.

El demandado radicó una moción de reconsideración. Mientras ésta se hallaba pendiente se iniciaron procedimientos de desacato en su contra. La moción de reconsideración fué plenamente considerada por la corte inferior y ésta modificó su sentencia original, concediendo $3.50 semanales y desestimando o declarando abandonados los procedimientos de desacato. El demandado apela de la sentencia final dictada.

■ En la corte inferior no se levantó la cuestión de la insuficiencia de la demanda, mas no obstante el primer señalamiento es al efecto de que ésta deja de aducir una causa de acción. Un examen de la demanda hace patente que en

realidad el pleito no fué entablado propiamente. Ana Sánchez debió posiblemente haber iniciado un pleito separado en solicitud de alimentos para su hijo. El apelante cita varios casos de este tribunal en que hemos resuelto que un pleito debe iniciarse a nombre o en representación de la parte realmente interesada. No discutiremos esta cuestión porque en la demanda había lo suficiente que demostrara que la demandante instaba el recurso en gran parte para el sostenimiento del menor, y el haberse dejado de decir que ella le representaba puede considerarse como cuestión de poca monta bajo las otras circunstancias del caso. Éstas son que el demandado mismo, en su contestación, entre otras cosas, solicitaba o sugería que se dictara sentencia desestimando la demanda en cuanto a la esposa y con lugar en cuanto a la petición de alimentos por parte del hijo, con ciertas limitaciones.

En el curso de los procedimientos se hizo evidente que la demandante abandonó su reclamación personal y ello estuvo muy bien hecho, toda vez que la prueba reveló que luego de entablarse el pleito de divorcio se entregó a la demandante una escritura en que se le cedían ciertas propiedades, y no existe seria duda de que hubo un convenio a ese efecto o de que la corte en el pleito anterior fijó la cuantía de la pensión alimenticia. Por consentimiento de las partes, a no ser de otro modo, la controversia principal en este caso giraba en torno a los alimentos que el padre debe suministrar a su hijo. Esto cubre el primer señalamiento de error.

Como segundo señalamiento el demandado alega que la corte erró al dictar sentencia declarando con lugar la demanda, puesto que dicha sentencia infringía los artículos 143, 152 y 153 del Código Civil (ed. 1930). Según lo concebimos, el argumento esencial es que el padre fué privado de la patria potestad y que ésta se le dió a la madre en el pleito principal de divorcio. Los artículos específicos de la ley aplicable son los siguientes:

"Artículo 143.—Están obligados recíprocamente a darse alimentos, en toda la extensión que señala el artículo precedente:

"1. Los cónyuges.

"2. Los ascendientes y descendientes legítimos.

"3. Los padres y los hijos legitimados y los descendientes legítimos de éstos.

"4. Los padres y los hijos ilegítimos y los descendientes legítimos de éstos.

"" *      *      *      *      *      *      *

"Artículo 152. La patria potestad sobre los hijos legítimos no emancipados corresponde, en primer término, al padre, y en ausencia, impedimento legal o muerte de éste, a la madre.

"Los hijos ilegítimos, y los adoptivos menores de edad, estarán bajo la potestad del padre o de la madre que los haya reconocido o adoptado. Si ambos los hubieran reconocido o adoptado, será en ese caso aplicable lo dispuesto en el párrafo primero de este artículo.

"Artículo 153. El padre y la madre tienen, respecto de sus hijos no emancipados:

"1. El deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho.

"2. La facultad de corregirlos y castigarlos moderadamente o de una manera razonable."

El primer párrafo del artículo 107 del Código Civil (ed. 1930), según fué enmendado por la Ley núm. 44 de 1935, Leyes de 1935 (1) pág. 251, dispone:

"En todos los casos de divorcio los hijos menores serán puestos bajo el cuidado y patria potestad de la parte a favor de la cual se hubiere dictado sentencia; pero el otro cónyuge tendrá derecho a continuar las relaciones de familia con sus hijos, en la manera y extensión que acuerde el tribunal al dictar sentencia de divorcio, según los casos."

Según esto, en un caso como el presente en que el padre pierde la patria potestad, él siempre está obligado a alimentar a su hijo legítimo. El apelante en realidad no controvierte esta relación o nexo jurídico. Lo que trata de alegar es que la madre ha adquirido un derecho preferente a la patria potestad del menor y que la responsabilidad del padre es secundaria.

Aceptando como cierto lo dicho por el apelante, se desprende que el menor vivía con la madre y que de ella, recibía educación y otras atenciones. En la demanda se decía que ella no estaba en condiciones de atender a todas las necesidades del menor y puede resolverse que la corte determinó esta cuestión al fijar la cuantía de los alimentos en la suma de $3.50 semanales. En los autos existe aun la sugestión de que la madre era una mujer rica, aunque no nos es posible determinar si con esto se quiso decir que ella tenía bienes independientemente de la suma recibida como consecuencia de la disolución del matrimonio.

Creemos que las partes prácticamente llegaron a una conclusión equitativa con sus actuaciones en la corte inferior. No hallamos razón alguna para variar la sentencia de la corte de distrito en lo que se refiere al deber del padre de dar a la madre para la alimentación del menor la suma de $3.50 semanales.

En el tercer señalamiento se ataca la sentencia en cuanto condena al demandado al pago de las costas, incluyendo la suma de $50 para honorarios de abogado. Éste era un caso en que el demandado fué llevado a un litigio por la madre a nombre propio y luego la reclamación abandonada. En el caso del menor se dictó sentencia originalmente condenando al demandado a pagar la suma de siete dólares semanales y en reconsideración esa suma fué rebajada a $3.50. Durante el curso del litigio se inició un procedimiento de desacato contra el demandado. Éste demostró en conjunto ser una persona de responsabilidad que meramente hacía lo que con frecuencia sucede, es decir, trataba de obtener un dominio mayor de su hijo. Creemos que la demandante en representación del menor puede tener derecho a las costas del procedimiento, mas no a los honorarios de abogado.

*Debe modificarse la sentencia en el sentido de excluir los honorarios de abogado, y, así modificada, debe ser confirmada.*

El Juez Asociado Sr. Travieso no intervino.